United States District Court
District of Massachusetts

_____  )
FRANK CARLOS MARTINEZ GUERRERO, )
    Petitioner,            )
                              )
    v.                     )  Case No.
                              )  10-cr-10183-NMG
UNITED STATES,                )
    Respondent.            )
_____  )

### MEMORANDUM & ORDER

**GORTON, J.**

## I. Background

Frank Carlos Martinez Guerrero ("Martinez") was indicted on May 27, 2010 and charged with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846. On May 2, 2011, Martinez pled guilty. There was no plea agreement. On August 8, 2011, the Court sentenced him to 87 months in prison and a three year term of supervised release. As a special condition of supervised release the Court stated that

> If deported, the defendant is to leave the United States and is not to return without prior permission of the Secretary of the Department of Homeland Security.

On April 27, 2012, Martinez filed this motion pursuant to 28 U.S.C. § 2255.

## II. § 2255 Motion to Vacate

### A. Standard

Section 2255 of Title 28 of the United States Code enables a

-1-

prisoner in custody to move the court that imposed his sentence to vacate, set aside or correct the sentence if it was 1) imposed in violation of the Constitution or laws of the United States or by a court that lacked jurisdiction, 2) in excess of the maximum authorized by law or 3) otherwise subject to collateral attack. 28 U.S.C. § 2255; David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). In each of those circumstances, the petitioner bears the burden of establishing the need for relief. David, 134 F.3d at 474. To warrant relief under section 2255, the petitioner must present "exceptional circumstances" that make the need for redress "evident." Id. (citing Hill v. United States, 368 U.S. 424, 428 (1962)). Judges sitting in review of § 2255 petitions are

> at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing.

United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

Where a conviction is based on a guilty plea, it may be attacked on collateral review only in "strictly limited" circumstances. Bousley v. United States, 523 U.S. 614, 621 (1998) (citation omitted). As a general rule, if a petitioner, who has been advised by competent counsel, enters a guilty plea that is both voluntary and intelligent, he is foreclosed from challenging the validity of the conviction on collateral attack. Id.; United States v. Broce, 488 U.S. 563, 569 (1989).

The Rules Governing Section 2255 Proceedings for the United States District Courts set forth a three-step process for reviewing § 2255 motions: 1) preliminary screening, 2) review to determine the necessity of holding an evidentiary hearing after discovery and expansion of the record and 3) decision following an evidentiary hearing. A district court will deny the motion at the preliminary screening stage if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b). The First Circuit has described this standard as similar to the one governing Rule 12(b)(6) motions to dismiss under the Federal Rules of Civil Procedure, explaining that a § 2255 petition should be summarily dismissed

> if the [movant's] allegations, accepted as true, would not entitle [him] to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990).

**B. Application**

Martinez advances two ineffective assistance claims. To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, the petitioner must show that 1) counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness" and 2) prejudice resulted, meaning that "but for his counsel's deficiency, there is a reasonable

probability that [petitioner] would have received a different sentence." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010) (citing and quoting Strickland v. Washington, 466 U.S. 668, 687-88 (1984) and Porter v. McCollum, 558 U.S. 30, 453 (2009) (per curiam)).

Reasonableness is considered in light of "prevailing professional norms", rather than "best practices or most common custom." Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citing Strickland, 466 U.S. at 690). The Court must examine counsel's performance "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991). Moreover, the Court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Id. at 787 (quoting Strickland, 466 U.S. at 689). Indeed, "surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010) (citations omitted).

First, Martinez asserts that his counsel should have asked for a downward departure pursuant to an Attorney General's memorandum of April 28, 1995, which authorized federal prosecutors to recommend a one or two level downward adjustment in exchange for a defendant's agreement to accept a final order

of deportation.  There is no evidence in the record, however, to suggest that the government would have recommended such an adjustment, particularly given that it argued that, based on the quantity of heroin and his leadership role, Martinez should have been subject to a ten-year mandatory minimum.  Furthermore, the First Circuit Court of Appeals has held that a defendant's stipulation to deportation does not constitute sufficient atypicality to warrant a downward adjustment "where no nonfrivolous defense to deportation is discernible." United States v. Clase-Espinal, 115 F.3d 1054, 1059 (1st Cir. 1997).  As a result, Martinez's counsel was not ineffective in failing to request such an adjustment.

Martinez also argues that his counsel should have relied on 18 U.S.C. § 3583(d) to challenge the terms of his supervised release. That provision provides that, as a condition of supervised release, a court may order a defendant who is subject to deportation to be surrendered to immigration officials for deportation hearings.  This Court finds, however, that the condition that the Court imposed on Martinez's supervised release, i.e. if ordered deported he remain outside the United States, is fully in accordance with the law in the First Circuit. See e.g. United States v. Solares, 236 F. 3d 24, 26-27 (1st Cir. 2000)(a sentencing court may provide "as a condition of supervised release, that [the defendant] be deported and remain

outside the United States."). For that reason Martinez was not prejudiced by his attorney's failure to object to that instruction.

### III.     **Certificate of Appealability**

####     **A.    Standard**

Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a Certificate of Appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The debatable-among jurists-of-reason standard is a low barrier. A claim is considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith." Id. When a habeas petition contains more than one potential ground for relief, a court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

**B. Application**

Martinez contends that he was denied his Sixth Amendment right to effective assistance of counsel. As described above, this Court concludes otherwise. Because reasonable jurists could not debate the outcome, a certificate of appealability is unwarranted.

## ORDER

Based upon the foregoing:

1) Petitioner's Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 202) is **DENIED**;

2) the petition for habeas corpus relief is **DISMISSED**; and

3) Petitioner will not be granted a Certificate of Appealability.

**So ordered.**

          /s/ Nathaniel M. Gorton
          Nathaniel M. Gorton
          United States District Judge

Dated November 30, 2012